Ronald R. TEDFORD, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 02–3199.

United States Court of Appeals, Federal Circuit.

Oct. 11, 2002.

Before MICHEL, Circuit Judge, PLAGER, Senior Circuit Judge, and LOURIE, Circuit Judge.

PER CURIAM.

Ronald R. Tedford seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing his appeal as untimely filed. Because Mr. Tedford has not shown that the Board abused its discretion in dismissing his appeal, we *affirm.*

DISCUSSION

On October 17, 1990, Mr. Tedford was removed from his position as a custodian with the United States Postal Service. The agency's letter of decision informed Mr. Tedford of his appeal rights to the Board, including the 20–day time limit that was in effect at the time for filing an appeal. *See* 5 C.F.R. § 1201.22(b) (1990). Over ten years later, on May 23, 2001, Mr. Tedford filed an appeal with the Board. In an acknowledgement order dated May 29, 2001, the administrative judge (AJ) assigned to the case directed Mr. Tedford to file evidence and argument to establish that his appeal was timely filed or that there was good cause for the late filing.

In his response to the order, Mr. Tedford explained that the Postal Service mistakenly considered him a casual employee instead of a career employee and that he had been attempting to establish that he was a career employee. The AJ interpreted Mr. Tedford's response as an argument that he needed to prove he was a career employee, and therefore had appeal rights to the Board, before he could file his appeal.

In his initial decision, the AJ acknowledged that the case presented a complex jurisdictional issue because of the dispute over whether Mr. Tedford was a casual or career employee. The AJ concluded, however, that Mr. Tedford should have filed his appeal within twenty days of his removal and then litigated the jurisdictional issue before the Board rather than attempt to prove jurisdiction *before* he filed his appeal. The AJ noted that the agency's decision letter provided Mr. Tedford with notice of his appeal rights, and while a short delay may have been excusable given the confusion over Mr. Tedford's employment status, a delay of more than a decade was not. Accordingly, the AJ found that Mr. Tedford's attempt to show he was a career employee did not excuse his ten-year delay in filing an appeal and dismissed the appeal as untimely filed. *Tedford v. United States Postal Serv.*, No. AT–0752–01–0586–I–1 (M.S.P.B. Aug.22, 2001) (initial decision). The AJ's initial decision became the final decision of the Board when the Board denied Mr. Tedford's petition for review on January 11, 2002.

"[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir. 1992) (en banc). We review the Board's decision under the deferential standard of abuse of discretion. *Id.;* 5 U.S.C. § 7703(c) (2000).

In his appeal brief to this court, Mr. Tedford only argues the merits of the agency's removal action, an issue that is not before us. He has given us no reason to reverse the Board's decision that his appeal was untimely. Based on our review of the record, we can find no fault with the Board's reasoning, and at a minimum we discern no abuse of discretion. We affirm the Board's decision dismissing the appeal as untimely filed.